UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAMIEN BYNOE,<br><br>Defendant | Criminal No. 19-10256<br><br>Violations:<br><br>Count One: Possession with Intent to Distribute Heroin and Cocaine<br>(21 U.S.C. § 841(a)(1))<br><br>Count Two: Felon in Possession of Firearm and Ammunition<br>(18 U.S.C. § 922(g)(1))<br><br>Drug Forfeiture Allegation:<br>(21 U.S.C. § 853)<br><br>Firearm Forfeiture Allegation:<br>(18 U.S.C. § 924(d); 28 U.S.C. § 2461(c)) |

## INDICTMENT

### COUNT ONE
Possession with Intent to Distribute Heroin and Cocaine
(21 U.S.C. § 841(a)(1))

The Grand Jury charges:

On or about January 18, 2019, in Boston, in the District of Massachusetts, the defendant,

DAMIEN BYNOE,

did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT TWO
Felon in Possession of Firearm and Ammunition
(18 U.S.C. § 922(g)(1))

The Grand Jury further charges:

On or about January 18, 2019, in Boston, in the District of Massachusetts, the defendant,

### DAMIEN BYNOE,

knowing that he was previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm and ammunition, that is, a Ruger model P95 9 millimeter semi-automatic pistol bearing serial number 314-94116 containing six rounds of Luger brand 9 millimeter ammunition; one round of Luger brand 9 millimeter ammunition; and 61 rounds of Winchester brand .22 caliber ammunition.

All in violation of Title 18, United States Code, Section 922(g)(1).

## DRUG FORFEITURE ALLEGATION
## (21 U.S.C. § 853)

1. Upon conviction of the offense in violation of Title 21, United States Code, Section 841(a)(1), set forth in Count One of this Indictment, the defendant,

**DAMIEN BYNOE,**

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendants --

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

## FIREARM FORFEITURE ALLEGATION
(18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

The Grand Jury further finds that:

1. Upon conviction of the offense in violation of 18, United States Code, Section 922(g)(1), set forth in Count Two of this Indictment, the defendant,

DAMIEN BYNOE,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offenses. The property to be forfeited includes, but is not limited to, the following:

   a. a Ruger model P95 9 millimeter semi-automatic pistol bearing serial number 314-94116 containing six rounds of Luger brand 9 millimeter ammunition;

   b. one round of Luger brand 9 millimeter ammunition; and

   c. 61 rounds of Winchester brand .22 caliber ammunition.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

                                    A TRUE BILL

                                    FOREPERSON

_____
CHRISTOPHER POHL
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: July 24, 2019
Returned into the District Court by the Grand Jurors and filed.

                                    DEPUTY CLERK

                                    7/24/19

                                    3:02 pm